# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SONYA MARIA MARTINEZ,

    Plaintiff,

v.                                                                    Civil No. 04-1425 WJ/WPL

AFSCME,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR JURY TRIAL PURSUANT TO RULE 39(B)

THIS MATTER comes before the Court upon Plaintiff's Motion for a Jury Trial, filed February 3, 2006 **(Doc. 29)**.  Plaintiff alleges claims of sexual harassment and retaliatory discharge by her employer, the American Federation of State, County and Municipal Employees ("AFSCME"), in violation of  Title VII,  42 § U.S.C.A. 2000e to 2000e-17.

Plaintiff filed her complaint pro se on December 23, 2004.  She claims she was not made aware that she had the obligation to advise Defendant or the court of her intention to seek a jury trial.  Plaintiff has since retained counsel, who now moves for a jury trial under Fed.R.Civ.P. 39(b).

**I.**      **Legal Standard**

Rule 38(d) of the Federal Rules of Civil Procedure provides that the failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. In this case, it is clear that Plaintiff's jury demand is untimely under the federal procedural rules. However, Under Rule 39( b), the Court has authority, upon motion, to grant a jury trial even

where the demand is untimely, or where there is no demand at all.  Fed.R.Civ.P.39(b) provides that, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.  Ruiz v. Rodriguez, 206 F.R.D. 501, 503-04 (E.D.Cal.2002).  Different courts have applied different standards in entertaining motions for jury trials where parties have failed to make a timely jury demand.   The Tenth Circuit has held that a jury trial should be granted in the absence of "strong and compelling reasons to the contrary."  Green Const. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1011 (10th Cir. 1993) (citing AMF Turboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir.1965) and quoting Swofford v. B & W, Inc., 336 F.2d 406, 409 (5th Cir.1964), cert. denied, 379 U.S. 962 (1965)); Bates v. Board of Regents of Northern New Mexico Community College, 122 F.R.D. 586 (D.N.M.,1987) (discussing Tuboscope).

  Parties differ over which standard should be considered in deciding whether to grant Plaintiff's motion.  Plaintiff sets forth a five-factors list consisting of: 1) whether the case involves issues which are best tried to a jury; 2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; 3) the degree of prejudice to the other party; 4) the length of delay in having requested a jury trial; and 5) the reason for the movant's tardiness in requesting a jury trial.  AM Intern., Inc. v. Eastman Kodak Co., 648 F.Supp. 506, 507-08 (N.D.Ill.,1986) (citing Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir.1983)).  Defendant contends that because the Tenth Circuit has not expressly adopted this five-factor inquiry, the Court should confine its analysis to two factors which have traditionally formed a basis of inquiry in this circuit, and which are similar to two of the five factors relied on by Plaintiff: prejudice and the disruption to the court's schedule.  See, Bates, 122 F.R.D. at 589 (plaintiff's motion for jury

trial granted where parties operated under the assumption that the case would be tried to a jury from the outset); AMF Tuboscope, 352 F.2d at 155 (trial court abused discretion in sua sponte setting aside order allowing jury, where jury trial would not have disturbed the "orderly business of the court").

However, I decline to circumscribe this Court's use of discretion to a strict adherence to either standard. In Bates, a district of New Mexico case, Judge James Parker noted that a narrow construction of Rule 39(b) has been criticized as follows:

> Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules. The rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial. The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied.

122 F.R.D. at 589 (citations omitted); see also Members v. Paige,140 F.3d 699, 704-05 (7th Cir. 1998) (applications should be considered with an open mind and an eye to the factual situation of that particular case, rather than with a fixed policy"; Merritt v. Faulkner, 697 F.2d 761, 767 (7th Cir. 1983) (the exercise of discretion requires an analysis of the facts of the particular case). Limiting the Court's inquiry to any particular number of factors would limit the Court's broad discretion in the matter. See, Paramount Pictures Corp. v. Thompson Theatres, Inc., 621 F. 2d 1088, 1090 (10th Cir. 1980) (court's discretion under Rule 39( b) is broad. Therefore, the Court will consider the particular circumstances in this case to make a determination as to whether there are "strong and compelling reasons" to deny Plaintiff's motion, following the standard set out by the Tenth Circuit.

**II.     Analysis**

Defendant contends that strong and compelling reasons exist to deny Plaintiff's request for a jury trial.

Defendant is correct that pro se status in itself does not excuse failure to demand a trial by jury. See Jolivet v. Deland 966 F.2d 573, 578 & n.10 (10th Cir. 1992). However, courts have factored in a plaintiff's pro se status in certain instances. See, e.g., Members v. Paige, 140 F.3d 699, 704-05 (7th Cir. 1998) (Lack of legal assistance may be a good reason for a favorable exercise of discretion under Rule 39(b)); Lewis v. Thigpen 767 F.2d 252, 258-59 (5th Cir. 1985) (distinguishing "mere inadvertence" on the part of the moving party's counsel from pro se party's ignorance where litigant who indicated from his first pleadings, through his requests for counsel, that he did not feel competent to represent himself in court); Merritt v. Faulkner, 697 F.2d 761, 767 (7th Cir. 1983) (allowing blind pro se plaintiff to file jury demand 9 days late where plaintiff had requested assistance of Court); but see, Jolivet v. Deland 966 F.2d 573 (no abuse of discretion by district court in denying jury trial where pro se plaintiff made no mention of any desire for jury trial until he filed his objections to the magistrate judge's report and recommendation).

Defendant argues that Plaintiff's pro se status cannot be included in the Court's analysis to excuse her untimely request because she was represented by counsel for a significant amount of time after filing her complaint. Plaintiff filed the complaint on December 23, 2004. The deadline for a jury demand was December 15, 2005, ten days after Defendant filed an answer. See, Fed.R.Civ.P. 38(b). Defendant points out that Plaintiff had retained counsel as early as the summer of 2005, several months prior to Plaintiff's counsel entering an appearance (Doc. 18, November 30, 2005), and several months before the deadline for a jury demand. Defendant thus

4

attributes the delay in a jury demand to mere inadvertence of counsel, which has been found to constitute a strong and compelling reason to deny a motion for a jury trial.  See, Nissan Motor Corp. v. Burciaga, 982 F.2d 408, 409 (10th Cir.1992), cited in Dill v. City of Edmond, Okl., 155 F.3d 1193, 1208 (10th Cir. 1998).

It is true that Plaintiff was represented by counsel when she missed the deadline for a jury demand.  However, my review of the Court's docket in this case indicates that Plaintiff's delayed jury demand is not a result of counsel's mere inadvertence.  Prior to Plaintiff's counsel's entry of appearance, from August to November 2005, the parties were engaged in settlement negotiations and had tabled discussions relating to litigation.  Plaintiff should not be penalized for delay during this time where both sides were taking time out to explore options other than trial.  Further, there were problems in service that were not faulted to Plaintiff, which effectively did not obligate Defendant to answer the complaint until the end of 2005.[1]  Doc. 14 (Court Order allowing 60 day extension for service).

Plaintiff did not file a jury demand until about two months after counsel entered an appearance.  Given the above circumstances underlying any "delay" before counsel's entry of appearance, the question is narrowed to whether Defendant is prejudiced by this two-month delay.  The Initial Pretrial Report ("IPTR") was entered by the Court on January 7, 2006, several days after Plaintiff filed this motion for a jury trial.  The IPTR expressly contains an "exception" inserted by the Plaintiff, reflecting Plaintiff's intention to file a jury demand.  Doc. 30 at 15. Defendant can hardly claim prejudice when the parties have not yet engaged in discovery, where

---

[1] Plaintiff's status as pro se and in forma pauperis entitled her to service of process by the United States Marshal, under 28 U.S.C. §1915(d).

5

Defendant had notice of Plaintiff's intention to request a jury while in the preparation stages of the IPTR, and where the jury demand is late by less than two months.

This is not a case where an untimely jury demand either prejudices the opposing party, or disrupts the Court's docket.[2] Defendant states, but does not explain, how granting Plaintiff's motion prejudices its trial preparation.  The Court does not consider the requirement of jury instructions, or a higher expenditure of attorney time or fees in preparing for a jury trial, to constitute "prejudice" as envisioned under a Rule 39 analysis.  These are not attributable to any delay in a jury demand, but regularly occur even from timely requests for jury trials. I find, given the reasons above, that Plaintiff's untimeliness has been minimal and in no way affects Defendant's ability to prepare and conduct discovery into Plaintiff's claims in light of questions that will be submitted to the jury.

---

[2] Cmp., e.g., Vannoy v. Cooper, 872 F.Supp. 1485 (E..D.Va. 1995) (plaintiff not entitled to jury trial where motion was not made until five weeks after court asked whether action was to be tried by jury and until one week before discovery cut-off date, and plaintiff provided no explanation for her failure to make timely demand or for five-week delay); Early v. Bankers Life and Cas. Co., 853 F.Supp. 268 (N.D.Ill. 1994) (motion for jury trial denied where request was made two weeks before scheduled trial date, was not warranted; plaintiff produced no evidence as to why request had not been timely made; period for filing of jury demand had expired 19 months previously and jury trial demand had been filed 20 days after parties had filed final pretrial orders, and allowance of jury trial at that late stage would prejudice defendant); Thompson v. Fritsch, 172 F.R.D. 269 (E.D.Mich. 1997) (motion for jury trial made six weeks prior to close of discovery granted, giving defendants notice half way through the allotted discovery sufficient time for preparation for jury trial); EEOC v. Britrail Travel Int'l Corp., 129 F.R.D. 116, 117 (D.N.J. 1989) (four month delay in filing of jury demand insufficient grounds to refuse to grant jury trial); AM Intern., Inc. v. Eastman Kodak Co., 648 F.Supp. 506, 507-08 (N.D.Ill.,1986) (strong and compelling grounds for denying untimely jury demand where extensive discovery took place and pretrial orders anticipated a bench trial); Wallace v. Nationwide Ins. Co., 94 F.R.D. 563 (D.D.C. 1982) (defendant had ample time to prepare for a jury trial where plaintiff waited almost two years to file his motion to amend his complaint so as to include demand for jury trial, but nearly four months prior to trial of action).

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for a Jury Trial (**Doc. 29**) is hereby GRANTED,

for reasons described above.

_____
UNITED STATES DISTRICT JUDGE